# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN DOE, et al.,<br><br>  Defendants. | **Case No. 1:14-cv-00864-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY DAYS** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee,

or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff was the victim of an in-cell assault at Kern Valley State Prison ("KVSP"). He filed a CDCR Form 22 request with Defendant John Doe, KVSP Correctional Counselor, seeking reclassification to single cell status due to safety concerns. Defendant Doe ignored his request.

Plaintiff grieved Doe's failure to respond. The grievance was denied at the First Level by Defendant Acebedo, KVSP Correctional Counselor, on grounds Plaintiff and the cellmate involved in the incident were placed on each other's enemy chrono and Plaintiff did not meet criteria for single cell status.

The grievance was denied at the Second Level by Defendant Seaman, KVSP Correctional Counselor, on grounds "mutual combat" does not warrant single cell status.

Plaintiff submitted the grievance for Third Level review. He has not received a response.

Plaintiff seeks monetary damages and single cell status.

### IV. DISCUSSION

#### A. Indifference – Conditions of Confinement and Failure to Protect

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer*, 511 U.S. at 832–33; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegation that he was the victim of an in-cell assault does not

3

demonstrate a substantial risk of additional serious harm. *Farmer*, 511 U.S. at 837. He does not say why the in-cell violence occurred, whether it occurred more than once, who was the aggressor, the nature and extent of harm threatened and realized, or the likelihood, if any, of future harm from his cellmate. The addition of the former cellmate's name to Plaintiff's enemy chrono suggests the unlikelihood of future contact between the two. In short, Plaintiff does not allege facts showing ongoing risk from double celling.

Even if Plaintiff had alleged a serious risk, he does not demonstrate a knowing disregard by Defendants, such that they "effectively condone[d]" cellmate violence. *Hill v. Godinez*, 955 F.Supp. 945, 949 (N.D. Ill. 1997). He does not explain how and why his Form 22 and grievance put Defendants on notice of a serious risk from double celling. A merely negligent failure to discover or respond to a threat does not support deliberate indifference. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985).

Plaintiff does not state a deliberate indifference claim.

If Plaintiff chooses to amend, he should state facts showing a serious risk of harm from double celling, Defendants' knowing failure to respond to the serious risk, and harm caused him as a result.

**B.   Due Process**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466–68 (1983).

    1.  Classification and Housing

Plaintiff has no liberty interest in a particular classification or housing. See *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the

Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). "There is no constitutional right for a state prisoner . . . to be housed in a particular portion or unit of a correctional institution." *Merriweather v. Reynolds*, 586 F.Supp.2d 548, 557 (D.S.C. 2008), citing *Olim v. Wakinekona*, 461 U.S. 238 (1983).

Plaintiff does not argue, much less factually support, denial of any process due him in his classification and housing. His allegation Defendant Doe did not respond to his Form 22 request for incident report(s) to be forwarded to his central file is not alone sufficient to show a denial of procedural process. The Court cannot determine whether he was denied documents to which he was entitled which he properly requested, and which were not otherwise available to him, and if so how this denied him process due in classification and housing. Plaintiff does not allege facts suggesting Defendants improperly denied him a classification hearing or rights due him at such a hearing.

### 2. Prison Grievance

Plaintiff does not have a claim of entitlement to a grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galarza*, 334 F.3d 850, 860 (9th Cir. 2003). Defendants' processing and disposition of Plaintiff's Form 22 and grievance cannot alone give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993), citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (D.C. Ill. 1982).

Plaintiff does not state a due process claim.

If Plaintiff chooses to amend, he should state facts showing some process due and denied in his pursuit of rights protected by the Fourteenth Amendment.

### C. Title 15

Plaintiff has no individualized right to enforce Title 15 regulations. See *Chappell v. Perrez*, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); *Lamon v. Cate*, 2011 WL 773046, *9 (E.D. Cal. February 28, 2011). He may claim Defendants' violated one or more of the prison regulations set out in Title 15.

However, he may not base a federal claim solely on an alleged violation of Title 15 regulations.

### D. Injunctive Relief

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir.1985), quoting *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir.1984); see *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

Plaintiff cannot seek injunctive relief where there is no underlying federal claim. *City of Los Angeles*, 461 U.S. at 101–02 (plaintiff must show a "case or controversy" and "real and immediate" threat of injury). Plaintiff's pleading does not state any cognizable claim against named Defendants for the reasons stated. The allegation of a prior assault by cellmates does not alone suggest a present and immediate threat of irreparable harm. *Id.*

Moreover, absent the existence of exceptional circumstances not present here,

the Court will not intervene in the day-to-day management of prisons. *See e.g., Overton v. Bazzetta,* 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); *Sandin v. Connor,* 515 U.S. 472, 482–83 (1995) (disapproving the involvement of federal courts in the day-today-management of prisons).

## V.    CONCLUSIONS AND ORDER

The Complaint fails to state any cognizable claim. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed June 6, 2014,
2. Plaintiff's § 1983 Complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   June 26, 2014            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE