# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE, et al.,<br><br>　　　　Defendants. | **Case No. 1:14-cv-00864-MJS (PC)**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM WITH PARTIAL LEAVE TO AMEND**<br><br>**(ECF No. 7)**<br><br>**AMENDED PLEADING DUE IN THIRTY DAYS** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint was dismissed for failure to state a claim.

The First Amended Complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee,

1

or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

### III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff was assaulted in his cell at Kern Valley State Prison ("KVSP") by a previous cellmate. This left him "uncomfortable or incompatible" living with a cellmate. (ECF No. 7, at 5.)

He filed a CDCR Form 22 request with Defendant John Doe, KVSP Correctional Counselor, to have all non-confidential incident reports placed in his central file so that he could be re-classified for single cell housing. Defendant Doe did not respond to his request.

Plaintiff grieved Defendant Doe's failure to respond. The grievance was denied at the First Level by Defendant Acebedo, KVSP Correctional Counselor, on the grounds Plaintiff did not meet qualifications and criteria for single cell status.

The grievance was denied at the Second Level by Defendant Seaman, KVSP Correctional Counselor, also on the grounds Plaintiff did not meet the single cell criteria.

Plaintiff submitted the grievance for Third Level review. The Third Level reviewer did not return the grievance.

Defendants' said conduct denied Plaintiff single cell housing which is available to other victims of in-cell violence.

Plaintiff seeks monetary damages and equal opportunity to be housed in a single cell.

### IV. DISCUSSION

#### A. Indifference – Conditions of Confinement and Failure to Protect

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate

it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer*, 511 U.S. at 832–33; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff fails to allege facts demonstrating a substantial risk of serious harm from cellmate housing. He does not identify the risk, its nature, extent, frequency or duration. The allegation of a single incident of in-cell violence by a former cellmate does not suggest ongoing risk of harm from another cellmate. Plaintiff does not allege a threat that the previous cellmate who engaged in violence with Plaintiff will be housed in Plaintiff's cell again.[1]

Even if Plaintiff had alleged facts showing a serious risk to his well-being, nothing in his First Amended Complaint suggests Defendants were knowingly indifferent to the risk and thereby effectively condoned cellmate violence. *Hill v. Godinez*, 955 F.Supp. 945, 949 (N.D. Ill. 1997). A merely negligent failure to discover or respond to a safety risk is not indifference. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985).

Plaintiff does not state a deliberate indifference claim.

**B.   Due Process**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

---

[1] It appears the previous cellmate is listed on Plaintiff's enemy chrono. (See ECF No. 1, at 5:9-10).

prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

### 1. Housing Classification

Plaintiff has no liberty interest in a particular housing classification. "There is no constitutional right for a state prisoner . . . to be housed in a particular portion or unit of a correctional institution." *Merriweather v. Reynolds*, 586 F.Supp.2d 548, 557 (D.S.C. 2008), citing *Olim v. Wakinekona*, 461 U.S. 238 (1983). These are matters of administrative discretion, *Bruce v. Ylst,* 351 F.3d 1283, 1287 (9th Cir. 2003), quoting *Munoz v. Rowland,* 104 F.3d 1096, 1098 (9th Cir.1997), and afford prisoners minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. *Bruce,* 351 F.3d at 1287, citing *Toussaint v. McCarthy,* 801 F.2d 1080, 1100–01 (9th Cir.1986), abrogated in part on other grounds by *Sandin,* 515 U.S. at 472.

Even if Plaintiff had a due process right to a particular housing classification, he does not allege that Defendants improperly denied him a classification hearing or rights due him at such hearing. He does not appear to dispute that he does not meet prison criteria for single cell housing, he just disagrees with that criteria.. He alleges he was denied incident reports, but he fails to identify any reports to which he was entitled and which were not otherwise available. He states no facts suggesting he was denied a fair hearing.

The suggestion Defendants improperly withheld information that would have entitled him to single cell housing is only conjecture.

### 2. Prison Grievance

Plaintiff does not have a due process right to the grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galarza*, 334 F.3d 850, 860 (9th Cir. 2003). He has no due process claim based solely on Defendants' processing and

5

disposition of his Form 22 and grievance. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993), citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (D.C. Ill. 1982).

### 3. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A claim may be stated where similarly situated individuals are intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's First Amended Complaint alleges, for the first time, that in denying him single cell housing Defendants treated him differently than other victims of in-cell violence without penologic justification. However, Plaintiff does not provide any facts upon which the Court can analyze that claim and determine if there are similarly situated victims of in-cell violence who have been classified for single cell housing.

Plaintiff will be given leave to amend this newly added claim. If he chooses to do so, he must allege facts demonstrating that other inmates suffered in-cell violence similar in circumstance, nature, frequency and severity to Plaintiff, and that the decision to give these inmates single cell housing while denying same to Plaintiff had no rational relationship to a legitimate state purpose.

### C. Prison Regulations

Plaintiff has no individualized right to enforce Title 15 regulations. See *Chappell v. Perrez*, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); *Lamon v. Cate*, 2011 WL 773046, *9 (E.D. Cal. February 28, 2011). He has no independent right to claim Defendants' violated one or more of the prison regulations.

### D. Injunctive Relief

Plaintiff may not seek injunctive relief where there is no underlying federal claim. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show a "case or controversy" and "real and immediate" threat of injury). Plaintiff's pleading does not state any cognizable claim against named Defendants for the reasons stated. The allegation he and a previous cellmate engaged in in-cell violence does not alone suggest a present and immediate threat of irreparable harm. *Id.*

Moreover, absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. *See e.g., Overton v. Bazzetta,* 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); *Sandin,* 515 U.S. at 482–83 (disapproving the involvement of federal courts in the day-today-management of prisons).

## V.     CONCLUSIONS AND ORDER

The Complaint fails to state any cognizable claim. Plaintiff was previously advised of the deficiencies in claims other than the newly added equal protection claim. His failure to successfully correct the prior noted deficiencies reasonably suggests the futility of further amendment and leave to amend these claims is denied. Plaintiff, however, will be given one final opportunity to amend the equal protection claim.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that denied him equal protection, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

An amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed July 17, 2014,

2. Plaintiff's First Amended Complaint (ECF No. 7) is DISMISSED for failure to state a claim upon which relief may be granted, leave to amend all claims other than equal protection is DENIED,

3. Plaintiff shall file an amended complaint for violation of his federal right to equal protection, within thirty (30) days from service of this Order, and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, the action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   August 4, 2014          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

8