# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00864-MJS (PC)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 9)**<br><br>**DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 USC § 1915(g)**<br><br>**CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE** |

Plaintiff proceeds pro se and in forma pauperis in this civil rights action filed on June 6, 2014 pursuant to 42 U.S.C. § 1983. The Complaint and First Amended Complaint were dismissed for failure to state a claim. Plaintiff was allowed leave to amend his equal protection claim.

The Second Amended Complaint is before the Court for screening.

## I.　SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

1

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is

2

plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

## III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff claims Defendants denied him verified documentation of an in-cell assault. This denial prevented him from being reclassified for single cell housing.

He names as Defendants (1) J. Acebedo, Kern Valley State Prison ("KVSP") Correctional Counselor, (2) M. Seaman, KVSP Correctional Counselor, (3) John Doe, KVSP Correctional Counselor, (4) R. Pimentel, California Department of Corrections and Rehabilitation ("CDCR") Appeal Examiner.

Specifically, Plaintiff alleges that:

He was assaulted in his cell at KVSP by a previous cellmate. He asked Defendant Doe, apparently by CDCR Form 22, to produce a non-confidential verified report of his in-cell assault. He claims he needed the verified report to support his request to the classification committee for single cell housing. Defendant Doe did not respond. The classification committee met on October 30, 2013 and did not re-classify Plaintiff for single cell housing.

Plaintiff grieved Defendant Doe's failure to respond to his Form 22 request and the denial of single cell housing. Defendant Acebedo denied the grievance at the First Level on the grounds Plaintiff did not meet the criteria for single cell status. Defendant Seamen denied the grievance at the Second Level, and Defendant Pimentel did so at the Third Level, on the same grounds.

Plaintiff claims Defendants violated prison regulations and treated him differently from other victims of in-cell assault who are given the documents necessary to be

3

reclassified for single cell housing.

Plaintiff seeks monetary damages and an order that Defendants' provide him with non-confidential verified report(s) of his in-cell assault(s).

## IV. DISCUSSION

### A. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A claim may be stated where similarly situated individuals are intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Here, Plaintiff claims Defendants denied him a verified in-cell assault report such as are given to other in-cell assault victims, and so prevented Plaintiff from being reclassified for single cell housing.

First, Plaintiff does not allege facts demonstrating his alleged in-cell assault(s) were documented in any verified incident report that Defendants had the ability to produce. The allegation Defendant Doe did not respond to his Form 22 request is not sufficient to show the existence of such a report and an intentional refusal to provide it to Plaintiff.

Further, Plaintiff does not allege facts showing that other inmates who received such a report experienced in-cell violence similar in circumstance, nature, frequency and severity to Plaintiff, or that authorities lacked a no legitimate state reason for denying Plaintiff such a report.

Finally, even if Defendants denied Plaintiff a documented and verified incident report, nothing before the Court suggests Plaintiff then would have been entitled to

single cell status, and thus harmed by its denial. Plaintiff cites to the following CDCR criteria for single cell housing:

> Single cell status shall be considered for those inmates who demonstrate a history of in-cell abuse, significant in-cell violence towards a cell partner, verification of predatory behavior towards a cell partner, or who have been victimized in-cell by another inmate. Staff shall consider the inmate's pattern of behavior, not just an isolated incident. An act of mutual combat in itself does not warrant single cell status. The following factors must be considered when evaluating single cell status, noting these factors are not exclusive of other considerations:
>
> > (1) Predatory behavior is characterized by aggressive, repeated attempts to physically or sexually abuse another inmate.
> >
> > (2) Documented and verified instances of being a victim of in-cell physical or sexual abuse by another inmate.

Cal. Code Regs. tit. 15 § 3269(d). Plaintiff does not allege any facts describing his in-cell assault(s) in such a way as to bring them within the above standard.[1] His claim the desired report(s) would have qualified him for single cell housing is speculative. See Cal. Code Regs. tit. 15 § 3269(a) (inmates are not entitled to a single cell assignment).

In sum, Plaintiff's contention he was treated differently from other similarly situated inmates without any institutional purpose arises from his conjecture and surmise alone. Plaintiff does not state facts suggesting a cognizable equal protection claim.

## V.   CONCLUSIONS AND ORDER

The Second Amended Complaint does not state a claim. Plaintiff was previously advised of the deficiencies in his claim. His failure to successfully correct the noted deficiencies reasonably suggests the futility of further amendment.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

---

[1] Also, as noted in the previous screening order, Plaintiff has no independent federal right to enforce prison regulations. (See ECF No. 8 at 6:23-27.)

5

1. Plaintiff's Second Amended Complaint (ECF No. 9) is DISMISSED for failure to state a claim, further amendment would be futile and is denied,

2. The action is DISMISSED WITH PREJUDICE for failure to state a claim, dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); *Silva v. Di Vittoria*, 658 F.3d at 1009, 1098 (9th Cir. 2011), and

3. Any and all pending motions shall be terminated and the Clerk of the Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:  August 29, 2014                         /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE